

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

GARY FOSHEE, PRO SE, §
TDCJ-CID #508142, §
Previous TDCJ-CID 421751, §
  §
    Plaintiff, §
  §
v. § 2:07-CV-0110
  §
DEAN NAYLOR, Jail Administrator, §
  §
    Defendant. §

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff GARY FOSHEE, acting *pro se* and while incarcerated as a prisoner in the Dallam/Hartley County Jail[1], has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been allowed to proceed *in forma pauperis*.

Plaintiff claims his constitutional right of access to courts was violated by defendant's failure to provide him access to a law library and complains defendant has required plaintiff to pay for medical care and is overcharging inmates for commissary.

Plaintiff requests injunctive relief giving inmates at the jail a law library, return of overcharges, and that inmates not be overcharged in the future.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

---

[1] Plaintiff has since been transferred to the Texas Department of Criminal Justice, Correctional Institutions Division.

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will also support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The Court notes that plaintiff has been transferred to the state prison since filing his claim and is no longer incarcerated at the Dallam/Hartly County Detention Center, where the complained-of events occurred. Consequently, plaintiff's request for injunctive relief is MOOT. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988).

Concerning plaintiff's claim for monetary relief in the form of the return of monies he paid for medical care, plaintiff has failed to allege any act by defendant which is not in compliance with relevant state law, which requires a prisoner in a county jail to pay for medical, dental, or health related services. Tex. Code Crim. Proc. Art. 104.002. As to plaintiff's claim that defendant is overcharging inmates for commissary for his own profit, section 1983 will not

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

support a cause of action if a person's property is taken by random and unauthorized conduct of a state actor and the state provides an adequate post-deprivation remedy. *Cathey v. Guenther*, 47 F.3d 162 (5th Cir. 1995). Thus, these claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

This Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 2nd day of May, 2008.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE